IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 AUG 30 AM 7:44
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| SHERRYE N. WHEELER, | X |
| Plaintiff, | X |
| vs. | X  No. 00-2616-Ml |
| MEMPHIS/SHELBY COUNTY HEALTH DEPARTMENT, | X |
| Defendant. | X |

ORDER STRIKING IRREGULAR FILINGS
AND
ORDER DIRECTING CLERK NOT TO ACCEPT ANY FILINGS
IN THIS CLOSED CASE

Plaintiff Sherrye N. Wheeler commenced a civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on July 13, 2000. The complaint alleged racial and sexual discrimination in the form of a hostile work environment and retaliation. A jury trial commenced on February 6, 2003. At the conclusion of the plaintiff's proof on February 10, 2003, the Court directed a verdict for the defendant on the sex discrimination claim. The jury returned a verdict for the defendant on the remaining claims on February 12, 2003. Judgment was entered on February 13, 2003. Plaintiff's appeal was dismissed for want of prosecution. Wheeler v. Memphis/Shelby County Health Dep't, No. 03-5418 (6th Cir. Oct. 15, 2003).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-30-05



Commencing on June 30, 2005, plaintiff filed numerous documents in this closed case. On June 30, 2005, plaintiff filed a motion for immediate injunctive relief in connection with "the willful, deliberate conversion of [her] Pension & [her] Trust Entitlement." The attachments concern a lump-sum distribution plaintiff received from the Shelby County retirement plan in 2002 in the amount of $15,219.11. On June 30, 2005, plaintiff also filed a letter to Shelby County Mayor A.C. Wharton attaching various documents, a memorandum in support of a motion for a temporary injunction, and a supplement to a motion for leave to file a supplemental complaint. The latter two documents were originally filed in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis in the case of <u>Sherrye N. Wheeler v. Waverly Steward, Shelby County Retirement Sys. Bd. of Admin. A ND [sic] Trust, Shelby County, Tennessee, Retirement Sys., & Shelby County, Tennessee</u>, No. CH 01-1995-2 on February 15, 2002 and January 9, 2002, respectively.

On July 7, 2005, plaintiff filed (i) a document entitled "Memorandum in Support of Injunctive Relief Motion," which consists of a series of documents, including a thirteen-page letter to the Shelby County Retirement and Trust Board, concerning the effect of a maternity leave on her retirement benefits; and (ii) a document entitled "Memorandum in Support of Rule 60(b) Motion," which actually consists of two volumes of documents, including forty-one (41) pages of narrative, concerning the arrest and prosecution (or

2

nonprosecution, as the case may be) of Percy Roberts for his alleged assaults on the plaintiff.

On July 8, 2005, plaintiff filed a document, entitled "Motion and Memorandum in Support of Granting the Removal of Pre-Emtive [sic] Filed Motion and Memorandum in Support Injunctive Relief Filed and Granting Removal Memorandum In Support of Rule 60 Motion," which seems to be a request to disregard her previous filings.

On July 15, 2005, plaintiff filed a thirty-one page, single-spaced document entitled "Memorandum in Support of Injunctive Relief," accompanied by approximately three inches of documents, that seems to concern her retirement payment and something about her great-uncle's estate. The three volumes of supporting documents concern, respectively, (i) plaintiff's dispute with the Shelby County Retirement Board; (ii) an action alleging racial discrimination that plaintiff filed in the Shelby County Chancery Court in 1998 against her former employer, the Memphis/Shelby County Health Department; and (iii) documents from the Shelby County Probate Court concerning the estate of the Reverend Leamon Dan Jones, who is apparently plaintiff's great-uncle.

On July 22, 2005, plaintiff filed a thirty-four page, single-spaced document, entitled "Memorandum in Support of Injunctive Relief," concerning her dispute with the Shelby County Retirement Board, the probate of her great-uncle's estate, and various other matters. The document purports to detail some sort of

3

a conspiracy between the attorneys involved in this employment discrimination case that somehow affected the plaintiff's other legal disputes.[1]

On July 25, 2005, plaintiff filed two documents, the first entitled "Notice of Hearing for Relief," and the second entitled "Memorandum in Support of Injunctive Relief Hearing." The second document is largely incomprehensible, stating, in pertinent part, as follows:

> On Saturday, July 23, 2005, I visited the library and discovered, that prior to 1986, Sherrye Nelson Wheeler was an individual, who lived at 1483 Jeannine Street in Memphis, Tennessee.
>
> Thereafter, in 1987, after being unemployed by Shelby County Government, the unmarried Sherrye LaShae Nelson, became a multitude of individual [sic], against her will, and unbeknownst to her knowledge, until, Saturday, July 23, 2005.
>
> As a result of my independent investigation, I have tried as hart as I possibly can for truth and settlement, with all parties, on all matters. However, immediate relief, is needed as a result of horrifying discoveries which continue, to date. My constitutional rights are being violated, I seek immediate relief. Please!

---

[1] For example, the document states at p. 9: "Wheeler's Attorney, Coleman Garret [sic] as [sic] acted on Wheeler's behalf without the requisite authority to do so. Wheeler purchased a copy of the Federal Docket, in case No. 2616 on July 19, 2005, and found that Garret has tracked Wheeler from each and every location, he has operated. To add further insult to injury, the Federal distribution list, list the **OFFICES**, of Coleman Garret. What this means is that Wheeler has been held to third parties by an attorney she hired to represent her in a civil matter, who, ostensibly, abandon Wheeler in the service he was hired to perform. What Wheeler has realized realize [sic] is that the Master Development Sewer contract with the City of Memphis. Notably, Garret, who has tracked Wheeler from his **offices**, is now the owner of said master Sewer contract, which is the Wheeler property" (emphasis in original); see also id. at 12. Nothing in the docket sheet for this action supports this allegation. Until his termination as counsel of record for the plaintiff in 2001, Garrett was on the distribution list to receive orders and mailings from the clerk.

4

Finally, on August 8, 2005, plaintiff filed another document, entitled "Notice for Hearing," concerning her dispute with the Shelby County Retirement Board, with various attachments.

The Clerk should not have accepted any of these documents for filing in this closed case. None of the documents concern the subject-matter of case no. 00-2616. The plaintiff is not entitled to use that docket number as a vehicle for prosecuting her numerous disputes with multiple parties, most of which are entirely unrelated to the original action. The Clerk is ORDERED to remove docket numbers 169-84 from the docket and file of this closed case. Because of the sheer volume of paper involved, it is not practicable to mail these documents to the plaintiff. Instead, the Clerk is ORDERED to set these documents aside for a period of thirty (30) days from the date of entry of this order to afford the plaintiff an opportunity to retrieve them. If the plaintiff has not retrieved the documents at the expiration of that period, the Clerk is authorized to dispose of them.

The Clerk is further ORDERED not to accept for filing any additional documents in this closed case without prior approval of a district judge or magistrate judge of this district.

If the plaintiff desires to litigate any of the matters set forth in her recent filings in federal court, she must commence a new civil action, under a new docket number, that includes a complaint filed in accordance with the Federal Rules of Civil Procedure. Any complaint filed by this plaintiff must comply with Fed. R. Civ. P. 8(a). Nothing in this order should be read as

5

either encouraging or discouraging the filing of such a complaint, as the Court has not reviewed the substance of the plaintiff's filings and has not considered whether there would be federal jurisdiction over a properly filed complaint.

IT IS SO ORDERED this 30 day of August, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 185 in case 2:00-CV-02616 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Carroll C. Johnson
LAW OFFICES OF CARROLL C. JOHNSON
1716 Lockett Place
Memphis, TN 38104--490

Sherrye N. Wheeler
2883 Invergarry Rd.
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT