```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| SHERRYE N. WHEELER, | ◊ | |
|  | ◊ | |
|     Plaintiff, | ◊ | |
|  | ◊ | |
| vs. | ◊ | No. 00-2616-Ml |
|  | ◊ | |
| MEMPHIS/SHELBY COUNTY HEALTH DEPARTMENT, | ◊ | |
|  | ◊ | |
|     Defendant. | ◊ | |
|  | ◊ | |

ORDER DENYING MOTION FOR LEAVE TO FILE,
SECOND ORDER DIRECTING CLERK NOT TO ACCEPT ANY FILINGS
IN THIS CLOSED CASE
AND
ORDER IMPOSING RESTRICTIONS ON PLAINTIFF'S FILING PRIVILEGES

Plaintiff Sherrye N. Wheeler commenced a civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on July 13, 2000. The complaint alleged racial and sexual discrimination in the form of a hostile work environment and retaliation. A jury trial commenced on February 6, 2003. At the conclusion of the plaintiff's proof on February 10, 2003, the Court directed a verdict for the defendant on the sex discrimination claim. The jury returned a verdict for the defendant on the remaining claims on February 12, 2003. Judgment was entered on February 13, 2003. Plaintiff's appeal was dismissed for want of prosecution. Wheeler v. Memphis/Shelby County Health Dep't, No. 03-5418 (6th Cir. Oct. 15, 2003).

Commencing on June 30, 2005, plaintiff filed numerous documents in this closed case. The subject-matter of those documents was entirely unrelated to her previous Title VII case. Accordingly, the Court issued an order on August 30, 2005 stating that "[t]he Clerk should not have accepted any of these documents for filing in this closed case," 08/30/05 Order at 5, and directing the Clerk to remove them from the file. The order further provided as follows:

> The Clerk is further ORDERED not to accept for filing any additional documents in this closed case without prior approval of a district judge or magistrate judge of this district.
>
> If the plaintiff desires to litigate any of the matters set forth in her recent filings in federal court, she must commence a new civil action, under a new docket number, that includes a complaint filed in accordance with the Federal Rules of Civil Procedure. Any complaint filed by this plaintiff must comply with Fed. R. Civ. P. 8(a). Nothing in this order should be read as either encouraging or discouraging the filing of such a complaint, as the Court has not reviewed the substance of the plaintiff's very voluminous filings and has not considered whether there would be federal jurisdiction over a properly filed complaint.

Id. at 5-6.

Despite the issuance of the August 30, 2005 order, the plaintiff has continued to submit documents to the Clerk, which he has, properly, declined to file. Plaintiff also has, apparently, falsely represented to Shelby County officials that hearings have been scheduled on motions for preliminary injunctive relief. On February 6, 2006, the plaintiff submitted a thirteen-page, single-spaced motion requesting leave to file additional documents in this closed case, entitled "Memorandum in Support of Prior Approval that

Seeks Permission to File the Materials that Support the Violations to the Federal Rules of Civil Procedure, and Support Res Judicata Violations, and Provide Additional Support to the January 19, 2006 Filing."[1] Attached to the motion are various documents previously submitted in this case and in a lawsuit the plaintiff apparently prosecuted in the Shelby County Chancery Court. It is not clear whether the plaintiff is arguing that she is entitled to summary judgment on the claims asserted in case no. 00-2616[2] or whether she contends she was entitled to summary judgment in the state-court action. The plaintiff's most recent motion has not been docketed.

The plaintiff's motion for leave to file these materials is DENIED. The claims presented in case no. 00-2616 have been decided in favor of the defendants, and no further avenues of review remain. No useful purpose would be served by permitting the plaintiff to continue to file documents pertaining to these claims in this closed case. Moreover, as discussed in the August 30, 2005 order, it is not appropriate for this plaintiff to use this closed case as a vehicle for prosecuting unrelated actions. 08/30/05 Order at 5. The Court will not permit the plaintiff to file any document pertaining to her state-court actions or to any other dispute.

---

[1] That motion is unsigned and can be rejected for that reason alone, pursuant to Fed. R. Civ. P. 11(a). The Court declines to order the plaintiff to sign this motion because it is clear that the plaintiff has no right to relief. Moreover, there is no January 19, 2006 filing, as the plaintiff apparently submitted approximately six inches of documents on or about that date, which were properly returned by the Clerk without filing.

[2] It does not appear that the plaintiff filed a summary judgment while the case was pending.

3

It appears that the language in the August 30, 2005 order unnecessarily left open the possibility that there were some documents plaintiff could properly submit in this closed case. Accordingly, the Clerk is ORDERED not to accept for filing any document whatsoever submitted by this plaintiff for filing in this closed case. Any document submitted by the plaintiff shall be returned without filing. The documents submitted by the plaintiff on February 6, 2006 shall be returned to the plaintiff without filing.

Furthermore, plaintiff's conduct in attempting to reopen this action, and in falsely representing to Shelby County officials that the action has been reopened, demonstrates a marked propensity to abuse the judicial system in an attempt to harass the defendant as well as the Court. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see also Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See

4

Filipas; Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); see also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972). The Court, however, must take care not to impose restrictions that would preclude the party from all access to the courts. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered how to prevent plaintiff from continuing to abuse the judicial system by repeatedly attempting to litigate the same or similar meritless claims, without also completely precluding her access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access); see also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

Accordingly, this Court ORDERS that plaintiff shall not file any other case in which she seeks to relitigate any issue concerning, or related to, her employment with Shelby County and her subsequent termination or resignation. The Clerk is ORDERED not

5

to file or otherwise accept any other documents presented by plaintiff in any new action which attempts to relitigate these matters. Any documents attempting to relitigate these matters shall be returned to plaintiff without filing.

      Should plaintiff violate this order, the Court will impose further sanctions, including a monetary fine. Moreover, any case submitted by plaintiff to another court that is thereafter removed or transferred to this district will result in the same sanctions as if it had been initially filed here.

      IT IS SO ORDERED this 17th day of February, 2006.

                                      /s/ Jon P. McCalla
                                      JON PHIPPS McCALLA
                                      UNITED STATES DISTRICT JUDGE